EDWIN HENNING *vs.* LYMAN RAYMOND.

June 25, 1886.

Parties to Action—Receiver of Partnership.—A receiver of partnership property, appointed by the court in an action to dissolve the partnership, with authority to bring suits to collect debts due the firm, may maintain such actions in his own name.

The plaintiff, as receiver of the assets of a partnership, brought this action in the district court for Winona county, to recover for goods sold and delivered by the partnership. The action was tried without a jury, before *Start*, J., who ordered judgment for plaintiff, from which defendant appeals.

*Lloyd Barber*, for appellant, cited

Gen. St. 1878, c. 66, §§ 26, 28; Edwards on Receivers, 117; High on Receivers, §§ 209, 210; *Green* v. *Winter*, 1 John. Ch. 60; *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige, Ch. 438, 452; *Wilson* v. *Wilson*, 1 Barb. Ch. 592; *King* v. *Cutts*, 24 Wis. 627; *Yeager* v. *Wallace*, 44 Pa. St. 294; *Battle* v. *Davis*, 66 N. C. 252; *Screven* v. *Clark*, 48

Ga. 41; *Freeman* v. *Winchester*, 10 Sm. & M., 577; *Newell* v. *Fisher*, 24 Miss. 392; *Ingersoll* v. *Cooper*, 5 Blackf. 426; *Herron* v. *Vance*, 17 Ind. 595; *Manlove* v. *Burger*, 38 Ind. 211; *Fincke* v. *Funke*, 25 Hun, 616.

*Berry & Morey*, for respondent.

MITCHELL, J.   In an action pending in the circuit court of Cook county, Illinois, to dissolve the partnership between the parties to that suit, plaintiff was, by order of the court, appointed receiver of all and singular the business and property of the partnership, with power and authority "to take possession of all the accounts, stock in trade, money, effects, and property, of every kind and nature, wherever situated, *and to collect all outstanding debts due to said partnership*." Plaintiff brings this action to collect a debt due the copartnership.   It does not appear what powers or rights over the property are given to such receivers by the statute of Illinois.   There is no statute in this state expressly giving a receiver authority to maintain such an action.   We must assume that plaintiff is what is called a "common-law receiver," with just such powers as are given him by the order of the court.

No question is made as to the power of the court to authorize this receiver to bring actions to collect debts due the copartnership. Neither is it claimed, as we understand appellant, that the authority here given to collect does not include authority to bring suit when necessary.   The only point raised is that plaintiff cannot maintain such an action in his own name, but should have brought it in the name of the partnership to whom the debt was due.   The rule generally laid down in the books is that, where a receiver is appointed under the equity powers of the court, he cannot sue in his own name, but the action must be brought in the name of the legal owner of the pr   rty, who will be compelled to allow the use of his name for that purpose.   This rule seems to be predicated upon the idea that a common-law receiver is the mere custodian of the property, and cannot be considered as an assignee of it, and does not become the owner. Such, at least, seems to have been the doctrine of the common-law courts; and courts of chancery, when called upon to authorize their receivers to proceed in an action at law, were necessarily compelled to conform to the rules of the common-law courts.

It is true that a common-law receiver, such as the plaintiff, is not the assignee or owner, beneficially at least, of the property intrusted to him; but it is an incomplete and inaccurate statement of his relations to the property to say that he is merely its custodian. When a court has taken property into its own charge and custody, for the purpose of administration and disposition, in accordance with the rights of the parties to the litigation, it is *in custodia legis.* The title of the property for the time being, and for the purposes of such administration, may, in a sense, be said to be in the court. The proceeding by receivership is *quasi in rem,* so far as it involves a sequestration of assets.

The receiver is appointed for the benefit of all concerned. He is the representative of the court, and of all parties interested in the litigation wherein he is appointed. He is the right arm of the court in exercising the jurisdiction invoked in such cases of administering the property. The court can only administer and dispose of it through a receiver. For this reason, all suits to collect or obtain possession of the property must be prosecuted by the receiver, and the proceeds received and controlled by him alone. If the suit be nominally prosecuted in the name of the original owners of the property, it is an inconvenient, as well as useless, form; they have no discretion as to instituting the suit, and no control over its management, and no right to the possession of the proceeds. The receiver, as an officer of the court which has taken control of the property, is, for the time being, and for the purpose of the administration of the assets, the real party in interest in the litigation. There is no reason, therefore, why the suit should not be instituted in his own name. Hence, in many states, it is so provided by statute. But in mary jurisdictions, in the absence of any such statute, it has been held that the courts may, by virtue of their inherent equity powers, authorize their receivers to institute suits in their own names. *Davis* v. *Gray,* 16 Wall. 203; *Hardwick* v. *Hook,* 8 Ga. 354; *Leonard* v. *Storrs,* 31 Ala. 488; *Wray* v. *Jamison,* 10 Humph. 185; *Tillinghast* v. *Champlin,* 4 R. I. 173, (67 Am. Dec. 510.)

Whatever technical reasons may have existed for refusing to permit common-law receivers to sue in their own names, they exist no

v.35m—20

longer, under our Code. As an officer of the court, intrusted with the administration of the partnership assets, we do not see why plaintiff has not such a special property in them as to constitute him "the real party in interest," within the meaning of the statute. But inasmuch as, in his official capacity, he acts as "the trustee of an express trust," he has, in any event, a right to maintain this action on that ground. See *Person* v. *Warren*, 14 Barb. 488; *Thomas* v. *Bennett*, 56 Barb. 197.

Judgment affirmed.