JEROME BEEDLE v. EDGAR A. CRANE.

*Attorney and client—Fraud—Cancellation of release.*

A release obtained from a father of his interest in his daughter's estate, by misrepresentation and concealment on the part of the daughter's attorney, who has possession of the property, and who is the only person who knows the exact amount, condition, and value of the same, will be set aside on the ground of fraud.

Appeal from Clinton. (Daboll, J.) Argued April 15, 1892. Decided April 22, 1892.

Bill to set aside certain instruments, by which complainant released his interest in the estate of his deceased daughter, on the ground of fraud. Defendant appeals. Decree affirmed, except as to computation of interest. The facts are stated in the opinion.

*Fedewa & Lyon* and *Fletcher & Wanty,* for complainant.

*E. A. Crane,* in *pro. per.,* for defendant.

McGRATH, J. This is a bill filed, asking that certain instruments, whereby complainant released to defendant all of complainant's right, title, and interest in and to the estate, property, and effects of Mary Adell Crane, deceased, may be set aside on the ground of fraud.

Decedent was the daughter of complainant, and the widow of Erastus W. Crane, who was the brother of defendant. She died April 18, 1890, at Grand Rapids. She had resided up to a short time before her death at Kalamazoo. She left an estate consisting of personal property, the exact value of which is undetermined, but

it is estimated at between $2,500 and $3,000. Erastus W. Crane left a life insurance policy, payable to his widow. Defendant had been and was at the time of her death the attorney and agent of Mary A. Crane, and as such had collected the amount of said life insurance policy, and held the same for investment. At the time of her death, he had in his possession substantially all of her effects, and was the only person who knew the exact condition of her affairs. Complainant lived at St. Johns, and knew nothing about the policy of insurance, or that defendant left any property of value. On April 23, 1890, defendant wrote to complainant, saying:

"There are some things here that belonged to your daughter, that I presume you would like, which you can have, if you will take the trouble to come after them. I think it would save me trouble and expense in closing up their business matters by having you here, as you are by relation an interested party; and we could probably fix it all up in one day, and maybe save expense of pro-bating and litigation. So, if you will come here, I will pay you your expenses, and pay you $3 per day for your time until you get back. Come at once, on receipt of this, or else write me when you will come, and I will send you money for your fare."

In response to this letter, complainant went to Kala-mazoo, and met defendant. It is unnecessary to give the testimony in detail as to what followed. It is suf-ficient to say that by concealment; by declining to state of what the estate consisted, or its amount or value; by representing that the estate was of little value, and that the expenses and claims against it would absorb it; by representing to complainant that decedent left a paper which might be construed to be a will, by the terms of which decedent bequeathed what she had to other parties, including a sister of complainant, who lived at Grand Rapids; by convincing complainant's sister that her interests and complainant's were antagonistic, and thereby

inducing her to keep to herself what she knew regarding the estate of decedent, so that when complainant sought his sister, in the course of the negotiations, she professed entire ignorance of the matter,—defendant, in consideration of the sum of $675, finally induced complainant to execute and deliver to defendant the instruments referred to. The case made by the bill is fully sustained by the proofs, and complainant is entitled to the relief prayed for.

An agent cannot make a valid purchase from his principal without fully and fairly disclosing all the facts and circumstances within his knowledge, in any way calculated to enable the principal to judge of the propriety of the sale. *Moore v. Mandlebaum,* 8 Mich. 433; *Ingerson v. Starkweather,* Walk. Ch. 346; *Clute v. Barron,* 2 Mich. 192; *Ames v. Booming Co.,* 11 Id. 139; *F. & P. M. Railway Co. v. Dewey,* 14 Id. 477. This rule has been applied very strictly to transactions between attorney and client. *Yeamans v. James,* 27 Kan. 195; *Rogers v. Marshall,* 3 McCrary, 76 (13 Fed. Rep. 59); *Baker v. Humphrey,* 101 U. S. 494.

While the death of the client has been said to terminate the relation (Weeks, Attys. § 256), yet an attorney who, as such, receives property and effects from his client, and by reason of his relations had obtained full knowledge as to the condition and value of his client's property, cannot be said to be released from the obligations imposed by the relation until, in case of the death of his client, he has accounted to the proper parties, and turned over such property and effects. What property or effects are in his hands, he holds in trust for the heirs and representatives of the decedent. What information he possesses, he had obtained by virtue of the *quasi* fiduciary relation which existed between himself and client; and the law will not permit him to conceal and use such

information for the purpose of driving a hard bargain with the heirs, for his own profit. If he will not aid, he cannot be allowed to mislead for his own advantage. The property and effects of the decedent, which he holds, came into his possession in the character of an attorney; and that character must be held to continue with respect to any transaction between attorney and heir, relating to that property, until the property is accounted for and the information disclosed. The burden in such case is upon the attorney to show that the heir acted after a full disclosure by the attorney of all the information possessed by him. As was said in *Gray v. Emmons,* 7 Mich. 533, "the attorney must show that the client acted freely and understandingly. *Jennings v. McConnel,* 17 Ill, 148; *Brock v. Barnes,* 40 Barb. 521.

It is insisted by defendant that the consideration paid by him to complainant has not been returned or tendered back. The bill offers to refund the amount paid; and the decree below afforded ample protection to the defendant, in that it provided that the reassignment should not take effect until the said sum was paid over to the register for the use and benefit of the defendant.

The decree below is therefore affirmed, except, however, that defendant will not be entitled to interest upon the amount to be paid by complainant after May 29, 1891.

Complainant is entitled to costs of both courts.

The record will be remanded for further proceedings under the decree.

MORSE, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.