ANDREAS UELAND v. ANDREW C. HAUGAN and Others.[1]

December 8, 1897.

Nos. 10,715—(136).

**Insolvent Bank — Liability of Stockholders — Enforcement by Receiver — G. S. 1894, c. 76.**

The provisions of G. S. 1894, c. 76, are applicable where a receiver of an insolvent banking corporation, appointed such receiver by virtue of Laws 1895, c. 145, § 20, institutes proceedings to enforce the individual liability of stockholders, as empowered to do by said section. The proceeding, when so instituted, is a step in the main action, precisely as it has heretofore been when taken by a creditor, and is governed by the same rules of practice and procedure. It is not necessary to allege in the petition or complaint, or to prove upon the trial, that an order of the court has first been obtained, authorizing the institution of the proceeding.

**Same—Action by Receiver—How Entitled.**

All actions brought or proceedings instituted by a receiver of an insolvent banking corporation should be brought or instituted by the receiver as such, and in his own name.

**Same—Parties—Complaint.**

*Held*, that there was no defect of parties plaintiff in this proceeding, and that the complaint stated a cause of action against defendant stockholders.

Action in the district court for Hennepin county by the receiver of the insolvent Washington Bank against the stockholders of the bank for the purposes stated in the opinion. Andrew C. Haugan and certain other defendants demurred to the complaint. From an order overruling their demurrer, Russell, J., they appealed. Affirmed.

*Arctander & Arctander* and *Horton & Denegre*, for appellants.

All four assignments of error involve the construction of Laws 1895, c. 145, § 20. A receiver appointed by a court must obtain an order of the court authorizing him to sue before he has the legal right so to do, and his authority must be pleaded. High, Rec. §§ 201, 208; Wynn v. Lord, 3 Brown, Ch. 88; Green v. Winter, 1 Johns. Ch. 60; Battle v. Davis, 66 N. C. 252; Screven v. Clark, 48 Ga. 41;

[1] Reported in 73 N. W. 169.

Beach, Rec. § 650; Ward v. Swift, 6 Hare, 309; In re Merritt, 5 Paige, 125; Merritt v. Lyon, 16 Wend. 405, 410; Davis v. Snead, 33 Grat. 705, 710; Swaby v. Dickon, 5 Sim. 629; Conyers v. Crosbie, 6 Ir. Eq. 657; Glenn v. Busey, 3 Cent. Rep. 283, note; Smith, Rec. §§ 30, 71; Davis v. Ladoga, 128 Ind. 222; Keen v. Breckenridge, 96 Ind. 69; Moriarty v. Kent, 71 Ind. 601; Garver v. Kent, 70 Ind. 428; Harrell v. Kent, 71 Ind. 602; Herron v. Vance, 17 Ind. 595; Coope v. Bowles, 28 How. Pr. 10.

The statute, upon which rests the receiver's authority, if he has any, to bring this action, has been copied, as far as the matter herein is concerned, from the national bank act. Laws 1895, c. 145, § 20; National Bank Act, § 50. The national bank act has been construed in Kennedy v. Gibson, 8 Wall. 498; Welles v. Stout, 38 Fed. 67; Boone, Bank. § 433.

The receiver must bring the action in the name of the parties directly interested, and who possess the legal or equitable right. Beach, Rec. § 688; High, Rec. § 209; Yeager v. Wallace, 44 Pa. St. 294; Justice v. Kirlin, 17 Ind. 588; Manlove v. Burger, 38 Ind. 211; King v. Cutts, 24 Wis. 627; Freeman v. Winchester, 18 Miss. 577; Battle v. Davis, supra; Garver v. Kent, supra; Moriarty v. Kent, supra; Harrell v. Kent, supra; Smith, Rec. §§ 72, 391.

*A. Ueland,* for respondent.

This action is governed by G. S. 1894, c. 76, and not by the national bank act or Laws 1895, c. 145. Chapter 76 provides the only remedy for enforcing the statutory liability of stockholders. Allen v. Walsh, 25 Minn. 543. Laws 1895, c. 145, bears on this case only in that it permits a receiver, appointed under it, to bring the action, while before the suit could be brought by a creditor only. Minneapolis v. City Bank, 66 Minn. 441. The national bank act, as construed in Kennedy v. Gibson, 8 Wall. 498, empowers the comptroller of the currency to make arbitrary assessments on the stockholders of insolvent national banks. Under such a statute the essential element in the cause of action is the action of the comptroller, rather than the fact that the assets of the bank are insufficient. Hence that action must be alleged. Under our statute the situation is different.

A receiver under Laws 1895, c. 145, can sue in his own name. Henning v. Raymond, 35 Minn. 303. No allegation of authority to sue is necessary. Smith, Rec. § 30; Everett v. State, 28 Md. 190, 207; Hayes v. Brotzman, 46 Md. 519. The complaint under consideration alleges explicitly that plaintiff was appointed receiver under and by virtue of Laws 1895, c. 145. All receivers appointed under this act have uniform powers and duties. Henning v. Raymond, supra; Moore v. Hayes, 35 Minn. 205. There is nothing in the act of 1895 which requires specific authority from the court to sue. In this case authority to sue is presumed. Beach, Rec. § 650; Cox v. Volkert, 86 Mo. 505, 511.

COLLINS, J.

Plaintiff, as receiver of the Washington Bank, an insolvent banking corporation (appointed under the provisions of Laws 1895, c. 145), brought this action against alleged stockholders for the purpose of ascertaining the liability of each to all creditors who exhibited their claims, to obtain judgment against such stockholders for the amounts so ascertained, and to compel payment by defendant stockholders of sums equal to twice the par value of the stock held by each. A demurrer was interposed to the complaint by several of these defendants, upon five distinct grounds, and this appeal is from an order overruling such demurrer.

It is argued here by counsel for the appellants and as grounds for demurrer: First, that from the complaint it appears that the court has no jurisdiction of the subject-matter of the action; second, that it also appears that plaintiff has not legal capacity to sue; third, that it also appears that there is a defect of parties plaintiff in the action; and, fourth, that the complaint does not state facts sufficient to constitute a cause of action. As is said by counsel, there is involved here the proper construction of Laws 1895, c. 145, § 20, and, if the plaintiff has not alleged facts sufficient to show a legal right to commence the action, the complaint is fatally defective upon either of the grounds mentioned.

1. It is contended that, without first obtaining an order of the court authorizing the bringing of this action, the receiver was without legal capacity to sue, and that without an allegation of this

order or authority first obtained the complaint is insufficient. This contention is based upon two propositions,—one, that nothing is better settled than that a receiver appointed by a court must obtain its order authorizing him to institute an action before he has a legal right so to do, and that the authority must be pleaded; the other, that because section 20 of said chapter 145 was copied almost literally from the national bank act (section 50),[2] and this section had been construed by the federal supreme court, it was the legislative intention to adopt the language in the light of that construction. Referring to the first of these propositions, it may stand admitted that under the old chancery practice the rule was and is as claimed by counsel. What change has been made in this rule by the Code we need not determine, for plaintiff's rights are settled by the 1895 act.

Prior to the passage of that statute the only remedy for the enforcement of the statutory liability of stockholders was that furnished by the provisions of G. S. 1894, c. 76. And a receiver appointed under that chapter could not proceed against the stockholders. That had been determined as early as 1879. Allen v. Walsh, 25 Minn. 543. The proceeding to ascertain and enforce the stockholders' liability was not an independent suit, but simply a step in the original action against the insolvent, wherein its property had been sequestered and a receiver appointed. Palmer v. Bank, 65 Minn. 90, 67 N. W. 893. And this step or proceeding could be taken by a creditor only. Minneapolis v. City Bank, 66 Minn. 441, 69 N. W. 331. The details and method of procedure by a creditor from the beginning to the end, including the adjustment of the rights and liabilities of shareholders past, present, solvent and insolvent, as between themselves and as between themselves and the insolvent estate, had been the subject of much litigation, and had been well considered and fairly well determined, prior to the enactment of section 20, in which receivers were authorized and empowered to enforce the stockholders' liability.

And at the time of this legislation in 1895 it was a well-known fact that other cases were pending in the courts in which impor-

2 R. S. (U. S.) § 5234.

tant questions of practice and procedure under chapter 76 were involved, and would of necessity soon be disposed of and settled. In fact, it was well known that there had been built up by the decisions of the courts a code of procedure under the various provisions of chapter 76 which was quite complete; and, further, it was notorious that, because of the great amount of litigation arising out of the actual insolvency of a very large number of domestic banking corporations, many decisions would soon be made, all tending further to complete and perfect this code of procedure.

In ascertaining the legislative intent when enacting chapter 145, we cannot overlook these well-known and notorious facts; and we are not to suppose, because the manner of procedure to be pursued by receivers was not prescribed in section 20, that it was the intent of the legislators to set the subject all adrift, to again be settled through years of litigation. If any presumption can be indulged in, it must be that there was no such intent, but, on the contrary, that it was supposed that the method of procedure already settled upon for creditors when proceeding to enforce stockholders' liability could and would be followed by receivers when striving to obtain the same results.

And while the language of section 20, supra (especially that part which empowers receivers to proceed to enforce this liability) is almost identical with that found in section 50 of the national bank act, and while it is true that in Kennedy v. Gibson, 8 Wall. 498, it was held (construing section 50) that it was incumbent upon the comptroller of currency to determine the necessity of enforcing the personal liability of stockholders, and that this determination must precede an institution of the suit and must be alleged in the bill, in all such cases, we are very decidedly of opinion that it was not intended by the legislature, when following the wording of section 50 so closely, to adopt the construction theretofore placed upon it in Kennedy v. Gibson.

In the first place receivers under the national bank act are appointed by the comptroller and are under his direction. They are practically independent of the courts, except when selling real and personal property belonging to the insolvent estate or when selling or compounding bad or doubtful debts. Under our banking system

there is no comptroller, nor have we any officer with like authority. Consequently we have no officer upon whom can devolve the duty of ascertaining the necessity of the action to enforce the shareholders' liability. It is therefore impossible for the same construction to be placed upon section 20 as was placed upon section 50 in Kennedy v. Gibson. That case is not authority for holding that a duty which belongs to, and must be performed by, the comptroller of national currency must, in the absence of any provision in our state law for such an officer or one of like authority, be held to devolve upon the courts, to be exercised by them before receivers can proceed under section 20. If, under our system, we had an officer with the power and authority of a comptroller and who appointed all bank receivers, it might well be held that in adopting the statute we had accepted the construction placed upon it in Kennedy v. Gibson; but without this officer no such conclusion can be reached.

Again, no reason exists for placing this construction upon the language used. The receiver is the officer of the court and his authority to proceed against stockholders is found in section 20, in the words,

"And may, if necessary to pay the debts of such bank, enforce all individual liability of the stockholders."

When, under the national bank act, the comptroller determines to assess the stockholders, the assessment is made arbitrarily and without notice. When suit is brought to collect the assessment, it is no defense that the assessment is unnecessary or excessive. The stockholders must pay. Under such a construction of the statute the essential thing is the arbitrary action of the comptroller, not the fact that the assets of the bank are insufficient to meet its liabilities. And, as the comptroller's action is the important thing, the necessity of alleging it is manifest; for under the national bank act the suit against each stockholder may be, and usually is, at law and independent, as well as individual, to recover the amount of a pro rata assessment upon each share of stock. Each shareholder is held individually responsible, equally and ratably, and not one for another, for the debts and engagements of the banking association. R. S. (U. S.) § 5151. This liability is very easily ascertained,

and is nothing more than a matter of computation. It is a wholly different liability from that of shareholders under our banking laws; and, while it is possible that satisfactory results could be reached if we should construe section 20 as empowering receivers to proceed at law against shareholders, the right of receivers so to proceed is not involved here, and therefore is not to be decided.

This is an equitable proceeding under the provisions of chapter 76; and we decide that a receiver may institute and maintain such a proceeding, precisely as a creditor has heretofore been authorized to do; and, as before stated, that no action of the court is necessary as a preliminary. When instituted by a receiver, the proceeding is a step in the main action exactly as it would be if instituted by a creditor, and it is governed by the same rule of practice and procedure. If the petition or complaint filed by a receiver contains, in addition to formal averments, a statement of facts which, if alleged by a creditor, would have been sufficient, it states a cause of action against the stockholders. That the complaint now under discussion complies with this requirement seems to be conceded.

2. It is argued that, because the proceeding is instituted in the name of the receiver as such, it is not brought in the name of the proper parties, and consequently there is a defect of parties plaintiff. This contention has really been disposed of by what has been hereinbefore stated. But as was said in Henning v. Raymond, 35 Minn. 303, 29 N. W. 132, a receiver or assignee for the benefit of creditors is trustee of an express trust, and as such is empowered to bring actions in his own name, under G. S. 1894, § 5158. He is appointed for the benefit of all concerned, is the arm of the court, and for the purpose of collecting assets, enforcing the personal liability of shareholders, and administering upon the insolvent estate, is the proper party to bring the action. The appointment of plaintiff as receiver under the 1895 statute was for the benefit of all concerned, and no other construction can be placed on section 20 than that all actions or proceedings instituted by him are to be so instituted in his own name. The allegations in the petition or complaint show that he is the trustee of an express trust.

3. It is argued in this case that the provision in section 20 which empowers the receiver to enforce the stockholders' liability is un-

constitutional and invalid, as impairing the obligation of a contract.

As the constitutionality of the banking act of 1895 is very vigorously assailed in another proceeding now pending on appeal, and will have to be considered in the opinion in that case,[3] we need but to say that the claim is without merit.

Order affirmed.

---

[1] Reported in 73 N. W. 171.  [3] See Anderson v. Seymour, infra, page 358.