### DUKE, State Supervisor of Banking, et al. v. JENKS.

(District Court, D. Oregon. July 16, 1923.)

#### No. L–9075.

Banks and banking ☞63½—Statutory representative of insolvent bank may maintain suit in federal court of another jurisdiction.

The supervisor of banking and the director of taxation and examination of the state of Washington, who are empowered by statute to take over and administer the property of an insolvent bank without the interposition of a court, become the statutory successors of such bank for the purpose of winding up its affairs, and may maintain an action in a federal court of another state to enforce the statutory liability of a stockholder, where the requisite jurisdictional facts appear.

At Law. Action by John P. Duke, Supervisor of Banking, and E. L. Farnsworth, Director of Taxation and Examination, of the State of Washington, in charge of the liquidation of the Scandinavian-American Bank of Tacoma, against Walter T. Jenks. On motion by defendant to dismiss. Denied.

Bowerman & Kavanaugh, of Portland, Or., for plaintiffs.
William H. Trindle, of Salem, Or., for defendant.

WOLVERTON, District Judge. This is an action by John P. Duke, as supervisor of banking of the state of Washington, in charge of the liquidation of the Scandinavian-American Bank of Tacoma, an insolvent banking corporation, and E. L. Farnsworth, director of taxation and examination of such state, against Walter T. Jenks, to enforce the statutory liability of a stockholder; the bank having been taken over by the state bank commissioner of the state of Washington, on account of insolvency, and the property and assets having come later into the hands of the supervisor of banking and director of taxation and examination, the successors in office of the bank commissioner, for liquidation and settlement.

The defendant, appearing specially, has interposed a motion to dismiss, on two grounds: First, that the necessary diversity of citizenship does not appear by the complaint; and, second, that plaintiffs have no right nor authority, statutory or otherwise, to maintain the action in this jurisdiction.

As to the first ground, it is argued that it is not shown that plaintiffs were citizens of the state of Washington when the action was instituted. Evidently, counsel on both sides have misread the complaint. The particular language pertinent to the inquiry is as follows: ·

"The plaintiffs were at all of said days and times, ever since have been, and still are citizens of and domiciled within said state of Washington."

And the same explicit language is used with respect to the defendant being a resident of the state of Oregon. It needs no argument to prove that the language is quite sufficient to show diversity of citizenship at the time the action was begun.

The other ground of dismissal is based upon the hypothesis that the supervisor of banking and the director of taxation and examination occupy a position akin to that of receivers of the court, or executors and administrators of deceased persons' estates, and it is argued that, by the better authority, such officers cannot legally sue in a jurisdiction of a state other than that of their appointment. I am persuaded that the hypothesis is fallacious. The complaint shows that, by statutory amendment, the supervisor of banking and the director of taxation and examination have become successors in office of the bank examiner, with like powers and authority as such examiner; the office of bank commissioner having been established in the meantime as the immediate successor to the examiner. That they have the power, therefore, to administer the affairs of an insolvent bank and determine the liability, if any, of its stockholders, without resorting to a judicial inquiry, is established by Hanson v. Soderberg, 105 Wash. 255, 258, 177 Pac. 827. Indeed, the Banking Act of the state, in its structure, purpose, and mode of administration, is thought to be of like character and nature as the National Banking Act (13 Stat. 99).

A receiver of a national bank is not an officer of the corporation, nor of the court, but an agent and officer of the United States. In re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782; United States v. Weitzel, 246 U. S. 533, 541, 38 Sup. Ct. 381, 62 L. Ed. 872.

But, however this may be, the case of Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337, is so nearly analogous to the present controversy as to be controlling. Relfe was superintendent of the insurance department of the state of Missouri. In a suit to dissolve the Life Association of America, an insurance company, because of insolvency, the state court, by its decree, vested the property of the company in Relfe, as such superintendent, by virtue of a statute directing such a proceeding, whereupon Relfe was authorized to dispose of such property for the use and benefit of the creditors and policy holders of the company. It was held that, by reason of his citizenship in Missouri, he was entitled to have removed the suit pending in the state court in Louisiana into the District Court of the United States. The language of the court, determinative of the proposition, is so pertinent to present conditions that I quote from it at length:

"Relfe is not an officer of the Missouri state court, but the person designated by law to take the property of any dissolved life insurance corporation of that state, and hold and dispose of it in trust for the use and benefit of creditors and other parties interested. The law which clothed him with this trust was, in legal effect, part of the charter of the corporation. He was the statutory successor of the corporation, for the purpose of winding up its affairs. As such he represents the corporation at all times and places, in all matters connected with his trust. He is the trustee of an express trust, with all the rights which properly belong to such a position. He is an officer of the state, and as such represents the state in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. He appeared in Louisiana, not by virtue of any appointment from the court, but as the statutory successor of a corporation which the court had in a legitimate way dissolved and put out of existence. He was, in fact, the corporation itself for all the purposes of winding up its affairs."

There is little to distinguish the procedure in that case from that in the present, except here the supervisor of banking and the director of taxation and examination are empowered to take over the property of the bank without the interposition of a court. When such authority is exercised by them, their functions thenceforward are practically the same as those exercised by Relfe as superintendent of the insurance department of the state of Missouri. The supervisor and the director, being citizens of the state of Washington, are, in my opinion, entitled to sue a citizen of this state in the federal court.

The motion to dismiss will be denied.