## FARNSWORTH et al. v. HAGELIN.

### SAME v. METSON.

(District Court, N. D. California, Second Division. January 15, 1924.)

Nos. 16910, 16912.

1. Courts ⬅️366(1)—State Supreme Court's interpretation of state's statutes followed by federal court.

Federal court must follow state Supreme Court's interpretation of state's statutes.

2. Courts ⬅️371(1)—Bank stockholders' statutory liability enforceable in federal court against nonresident stockholders.

Bank stockholders' liability under Laws Wash. 1917, c. 80, § 35, *held* enforceable under sections 62, 72, and Laws Wash. 1921, c. 7, § 51, in federal court, against nonresident stockholder, since stockholders, by acquiring stock, agreed to be bound by such statutes.

3. Contracts ⬅️167—Statutes embodied in contracts.

A party to a contract embodies the statutes of the state therein.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Courts ⬧⟹276—General appearance gives jurisdiction, though complaint does not allege residence in district.**

United States District Court has jurisdiction, where defendants have entered a general appearance, though complaint does not allege that they are residents of the district.

**5. Courts ⬧⟹371(1)—Stockholders' liability enforceable by action in foreign jurisdiction.**

Under Laws Wash. 1917, c. 80, §§ 62, 72, and Laws Wash. 1921, c. 71, § 51, the director of taxation and examination and the supervisor of banking may enforce statutory liability of stockholders imposed by Laws Wash. 1917, c. 80, § 35, by action in foreign jurisdiction.

At Law. Separate actions by E. L. Farnsworth and others against John L. Hagelin and against W. H. Metson. On defendants' demurrers to complaints. Demurrers overruled.

Cushing & Cushing, of San Francisco, Cal., for plaintiffs.

W. H. Metson, of San Francisco, Cal., for defendant Hagelin.

Hugh H. Brown, of Tonopah, Nev., and J. J. Lermen, of San Francisco, Cal., for defendant Metson.

PARTRIDGE, District Judge. These cases are identical and will be considered together. They are actions at law by the "director of taxation and examination" and the "supervisor of banking" of the state of Washington against two stockholders of the "Scandinavian American Bank of Seattle, an insolvent state banking corporation of Seattle, Washington," to recover the so-called "superadded liability" provided by the laws of that state. The questions raised by the demurrers are:

(1) Lack of jurisdiction of the subject-matter or of the persons of the defendants.

(2) No legal capacity to sue.

(3) Misjoinder of parties plaintiff.

(4) General demurrer.

The action is based upon the statutes of the state of Washington, and the plaintiffs are public officials of that state. Section 35 of chapter 80 of the Laws of 1917 provides:

"The stockholders of every bank and trust company shall be individually and personally liable, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation accruing while they remain as stockholders, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares. * * * Such liability may be enforced by the examiner as soon after taking possession of any bank or trust company as in his judgment the same may be necessary. The failure of the stockholders of any bank or trust company immediately upon possession being taken by the examiner to make good all impairment of its assets shall be conclusive evidence that the enforcement of double liability is necessary."

Section 72 of the same act provides:

"Any bank or trust company may place itself under the control of the examiner to be liquidated as herein provided by posting a notice on its door as follows: 'This bank * * * is in the hands of the State Bank Examiner,'" etc.

° And section 62:

"Upon taking possession of any bank or trust company, the examiner shall proceed to collect the assets thereof and to preserve, administer and liquidate the business and assets of such corporation."

By a statute enacted in 1919 (Laws Wash. 1919, c. 209, § 1) the title of "bank commissioner" was substituted for "state bank examiner," and in 1921 the powers vested in the bank commissioner were bestowed upon the "director of taxation and examination through and by means of the division of banking." The latter amendment also provides:

"The director of taxation and examination shall appoint and deputize an assistant director, to be known as the supervisor of banking, who shall have charge and supervision of the division of banking." Laws 1921, c. 7, § 51.

[1] Thus it will be seen that the Washington statutes are modeled upon the National Bank Act, 13 Stat. 99. In construing these statutes, the Supreme Court of Washington has followed the decisions of the Supreme Court of the United States in construing the National Bank Act. The courts of the state of Washington have held that this liability is not enforceable by creditors, but by the proper officials, and accrues only upon the ascertainment by the officials that an assessment is necessary, requiring no allegation or proof of unpaid debts of the corporation. It is held, moreover, that the determination of the proper officials that an assessment is necessary is conclusive upon the stockholders, and not the subject of judicial inquiry. Hanson v. Soderberg, 105 Wash. 255, 177 Pac. 827. And, of course, this court is bound to follow the Supreme Court of Washington in the interpretation of its own statutes. Hopkins v. Lancaster (D. C.) 254 Fed. 190.

[2, 3] It is urged, in the first place, that this court has no jurisdiction of the subject-matter, the statutes of Washington being purely local. But are they purely local? They impose a liability upon stockholders of banking corporations, whoever they may be, and wherever they may be found. There is no attempt to limit this liability to stockholders resident within that state. It is, of course, elementary, that every one embodies the statutes of the state in his contracts. When, therefore, a person residing in another state becomes a stockholder in a Washington bank, he agrees that he will be bound by the law of that state, which imposes this liability upon him. Such an agreement, like any other, is enforceable wherever the stockholder may be found. Thomas v. Matthiessen, 232 U. S. 235, 34 Sup. Ct. 312, 58 L. Ed. 577, holding that the stockholder's liability created by the laws of California is enforceable in a foreign jurisdiction.

[4] It is next contended that the court has no jurisdiction of the persons of the defendants, because the complaint does not allege that they are residents of the district. This would be good, except for the facts that defendants have entered a general appearance. Western Loan & Savings Co. v. Butte & Boston Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101.

[5] The defendants also urge that plaintiffs, being local officers, have no capacity to maintain an action for the statutory liability in a foreign jurisdiction. The law is not so impotent. These officers are

vested with jurisdiction to levy and collect, for the benefit of deposi-
tors and creditors, contributions from the stockholders. They are
representatives of the bank and its creditors. As such, they partake
of the nature of a statutory receiver. That such an officer can pursue
the assets against one resident in a foreign jurisdiction is well settled.
Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed.
1163.

The complaint, I think, states a cause of action. The demurrers
are overruled.