STEPHENSON *v.* GOLDEN.*

1. TRUSTS—PLEADINGS—EVIDENCE.

Allegations and proof *held,* to establish clearly that plaintiff filed his bill to declare and enforce a constructive trust.

2. PRINCIPAL AND AGENT—TRUSTS.

All of the knowledge of an agent belongs to the principal for whom he acts and if the agent uses it for his own benefit, he will become a trustee for his principal.

3. SAME—ORAL AGREEMENT—PURCHASE OF LAND—STATUTE OF FRAUDS.

Oral agreement between plaintiff and defendant through attorney for former that latter would purchase outstanding legal title to property incumbered by mortgage securing bonds owned by plaintiff *held,* not void and unenforceable because contrary to statute of frauds since the agreement relates to the agency of defendant (3 Comp. Laws 1929, § 13411).

4. TRUSTS—UNDISCLOSED PRINCIPAL—CONSTRUCTIVE TRUSTEE.

Defendant who acquired outstanding title to property incumbered by mortgage securing bonds owned by plaintiff, at request of plaintiff's attorney in such a way as to leave plaintiff the undisclosed principal, by taking conveyance in own name became a constructive trustee or a trustee *ex maleficio.*

5. PRINCIPAL AND AGENT—PURCHASE OF LAND—CONSTRUCTIVE TRUST—REIMBURSEMENT FOR EXPENDITURES.

In suit to declare and enforce a constructive trust against agent who purchased title to land incumbered by mortgage securing bonds owned by plaintiff where bill alleges plaintiff offers and stands ready and willing to do equity, plaintiff need not have previously paid money to agent in order to hold him as a constructive trustee, reimbursement for expenditures being sufficient.

6. SAME—UNDISCLOSED PRINCIPAL—PARTIES.

Undisclosed principal may bring suit in own name to declare and enforce constructive trust upon defendant on contract made through attorney for undisclosed principal notwithstanding plaintiff and defendant had never met.

* See opinions on rehearing, *post,* 710.—REPORTER.

7. PARTIES—UNDISCLOSED PRINCIPAL—RECEIVERS.

Undisclosed principal's right of action under contract accruing to plaintiff, as receiver, in the progress of the administration of the receivership, *held*, properly brought in name of plaintiff as real party in interest (3 Comp. Laws 1929, §§ 14010, 15317, 15323, 15337).

8. EVIDENCE—FAILURE TO PRODUCE—PRESUMPTIONS.

Failure of a party to produce material testimony of person within control of such party raises presumption that, if produced, it would operate against them.

9. TRUSTS—PURCHASER FROM TRUSTEE EX MALEFICIO.

One acquiring property from trustee *ex maleficio* is protected only to the extent of payments actually made in good faith without notice.

10. SAME—PURCHASER FROM TRUSTEE EX MALEFICIO—BURDEN OF PROOF.

Defendant, a purchaser from trustee *ex maleficio*, *held*, not to have sustained her burden of proof that she was a *bona fide* purchaser, in suit against such trustee and purchaser to declare and enforce a constructive trust.

11. RECEIVERS—DUTY TO ACCOUNT.

Fact that plaintiff was a receiver, either of a person or of a corporation, though immaterial as respects defendants' liability, would require plaintiff to account for anything recovered in a suit.

12. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—REIMBURSEMENT.

In action by undisclosed principal against agent who purchased title of property, incumbered by mortgage securing bonds owned by plaintiff, and purchaser from such agent, plaintiff *held*, entitled to conveyance from defendants upon reimbursement for latter's investment.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted January 13, 1937. (Docket No. 129, Calendar No. 39,356.) Decided April 29, 1937. Submitted on rehearing July 1, 1937. Decided December 29, 1937.

Bill by Eugene J. Stephenson against Irving Golden and wife and Helen Jaffe to declare and enforce a constructive trust, set aside conveyances, for

an injunction and other relief. Bill dismissed. Plaintiff appeals. Reversed. See opinions on rehearing, *post,* 710.

*John R. Rood,* for plaintiff.

*Butzel, Levin & Winston,* for defendant Jaffe.

POTTER, J. Plaintiff filed his bill of complaint against defendants to establish and enforce a constructive trust. From a decree for defendants, plaintiff appeals.

In June, 1935, John R. Rood, plaintiff's attorney, employed defendant Irving Golden to obtain the legal title to certain real estate in Wayne county. Rood disclosed that he controlled certain bonds secured by mortgage upon the property and was desirous of obtaining the legal title thereto in order to facilitate the collection of the principal and interest of the bonds and save the expense of a foreclosure. Rood at that time represented plaintiff, but did not disclose to defendant Golden he was plaintiff's attorney. Golden subsequently acquired title to the property and transferred it to defendant Jaffe. The court found the facts substantially in accordance with plaintiff's contention, but found plaintiff was the owner of the bonds pertaining to the property, as receiver; that there was no written agreement between the parties; and relied upon 3 Comp. Laws 1929, § 13411, as establishing the principle that the transaction was one concerning real estate and must be in writing in order to entitle plaintiff to recover.

Appellee Jaffe briefs the case upon the theory this is a suit for the specific performance of an alleged oral agreement concerning lands. The allegations and the proof clearly establish plaintiff filed his bill to declare and enforce a constructive trust.

All of the knowledge of an agent belongs to the principal for whom he acts and if the agent uses it

for his own benefit, he will become a trustee for his principal. The oral agreement made between plaintiff and defendant Golden, through Rood, as set forth in the bill of complaint and established by the proofs, was not void and unenforceable because contrary to 3 Comp. Laws 1929, § 13411. The matter related to the agency of defendant Golden, and defendant Golden took a conveyance of the real estate in his own name and he thereby became a constructive trustee or a trustee *ex maleficio*. *Judd* v. *Judd,* 192 Mich. 198; *McIntyre* v. *McIntyre,* 205 Mich. 496; *Moore* v. *Mandlebaum,* 8 Mich. 433; *Beedle* v. *Crane,* 91 Mich. 429; *Salliotte* v. *Dollarhite,* 211 Mich. 269; *Racho* v. *Beach,* 254 Mich. 600.

The bill of complaint alleges ''the plaintiff now offers and stands ready and willing to do and perform in the premises, whatever to the court shall seem just and equitable.'' It was not necessary any money be paid by plaintiff, or by his agent Rood, in order to hold the defendant Golden as a constructive trustee, *Fisher* v. *Fobes,* 22 Mich. 454; 1 Perry on Trusts and Trustees (6th Ed.), § 206, it being a general rule that, regardless of the fact no money was paid by the plaintiff, the defendant may be made a constructive trustee for his principal if the agent is reimbursed for his expenditures. 3 Bogert on Trusts and Trustees, § 487.

Defendants claim Golden never met plaintiff and never entered into any contract with him and, therefore, cannot be held liable in this suit. Plaintiff contends the contract was made in his behalf by Mr. Rood although Mr. Rood may not have disclosed plaintiff was his principal, and plaintiff, though an undisclosed principal, may maintain the suit. This principle is well established. *Jenness* v. *Shaw,* 35 Mich. 20; *American Enameled Brick & Tile Co.* v. *Brozek,* 251 Mich. 7.

It is claimed by defendants that plaintiff may not maintain this suit in his own name because he acted as receiver. Regardless of whether defendant is estopped under the facts from raising this question, the cause of action here did not accrue to the person, persons .or corporation of which plaintiff was receiver. It did not exist at the time plaintiff was appointed. It was something over which the court appointing him had no jurisdiction. He could not take it into his possession as receiver at the time of his appointment because it did not then exist. The right of action sued upon accrued to plaintiff, as receiver, in the progress of the administration of the receivership. Plaintiff, for the time being and for the purposes of the administration of the assets, is the real party in interest. *Henning* v. *Raymond,* 35 Minn. 303 (29 N. W. 132). And, the cause of action having accrued to the receiver, he may, and according to the great weight of authority must, sue in his own name to recover thereon. 53 C. J. p. 323, and cases cited. The right of action here involved accrued to plaintiff in the administration of his receivership. He was the party who made the contract, was the real party in interest, and had a right to prosecute and maintain this suit in his own name, even though he may in fact have been appointed receiver of a corporation. 3 Comp. Laws 1929, §§ 15317, 15323, 15337, etc. The statute, 3 Comp. Laws 1929, § 14010, relied upon by the defendants, provides not only that every action shall be prosecuted in the name of the real party in interest, but it provides a party with whom or in whose name a contract has been made for the benefit of another, may maintain suit in his own name. The statute containing this provision is broad enough to authorize this suit. 47 C. J. p. 24. Plaintiff had the right to maintain the suit whether he was appointed receiver of a person or a corporation.

Defendant Jaffe did not testify. It was claimed the property in question was conveyed to her by the defendant Golden. He was a trustee *ex maleficio*. Her testimony would have been material, and the failure to produce such testimony within control of defendants raises a presumption that if produced it would operate against them. Every intendment is in favor of the plaintiff. Defendant Golden alleged in his answer he and defendant Jaffe were partners in the acquisition of the property. If this were admitted by defendant Jaffe, there would be no question about her joint liability. Golden was a trustee *ex maleficio*. One acquiring property from such trustee is protected only to the extent of payments actually made in good faith without notice. *Schloss* v. *Feltus,* 96 Mich. 619 (36 L. R. A. 161). The burden was on defendant Jaffe to show her purchase was in good faith for a valuable consideration without notice of the fraud. *Schaible* v. *Ardner,* 98 Mich. 70. This burden she has not sustained.

The fact that plaintiff was a receiver either of a person or of a corporation, though entirely immaterial to the defendants, would require the plaintiff, as such receiver, to account to the court which appointed him for anything recovered in this case. *Pontiac Trust Co.* v. *Newell,* 266 Mich. 490.

The decree of the trial court is reversed, with costs, and decree will be entered for plaintiff in accordance herewith, and the case remanded to the trial court to determine the amount defendants have invested in the property, upon the payment of which plaintiff will be entitled to a conveyance thereof from defendants.[*]

Fead, C. J., and North, Wiest, Bushnell, Sharpe, and Chandler, JJ., concurred. Butzel, J., did not sit.

---

[*] See opinions on rehearing, *post,* 710.—Reporter.