## DYKSTRA v. HUIZINGA.

1. Reformation of Instruments—Mistake—Evidence.

Mistake as a ground for relief by way of reformation of an instrument must be shown to have been mutual and must be admitted or distinctly proved.

2. Injunction — Covenants — Mistake — Residence Use — Commercial Use.

Finding of lower court that a mutual mistake had been made in including defendants' lot in the residential limitation when other land in the subdivision had been contracted for, held, supported by the evidence adduced in suit to enjoin use of defendants' lot for commercial purposes.

References for Points in Headnotes
[1] 45 Am Jur, Reformation of Instruments § 55.
[2, 3] 14 Am Jur, Covenants, Conditions and Restrictions §§ 337, 338.

3. COVENANTS—RECORDING—COMMERCIAL USE—INJUNCTION.

Parties who acquired their lots in subdivision after restrictions permitting defendants' lot to be used commercially had been recorded and had no knowledge of restrictions limiting its use to residential purposes were put upon notice that the lot had not been included in the restrictive covenants, hence, were not entitled to injunctive relief against commercial use.

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted January 5, 1961. (Docket No. 44, Calendar No. 48,704.) Decided February 28, 1961.

Bill by Calvin Dykstra and other residents against Cornelius Huizinga and Hilda Huizinga, and Simerink & Duthler, a copartnership, to enjoin use of lot for commercial purposes. Bill dismissed. Plaintiffs appeal. Affirmed.

*Vander Veen, Freihofer, Cook & Bryant,* for plaintiffs.

*Warner, Norcross & Judd (Harold S. Sawyer* and *Paul K. Gaston,* of counsel) and *Kingston, Porter & Day (John R. Porter,* of counsel), for defendants.

KELLY, J. Plaintiffs, owners of lots in a certain subdivision in the city of Grand Rapids, filed suit seeking an injunction to restrain defendants from the commercial development of lot 20 in said subdivision, owned by defendants Huizingas.

Defendants Huizingas originally owned the tract of land which was subdivided and platted. On December 30, 1955, Cornelius and Hilda Huizinga entered into a land contract with Willard Holwerda (plaintiff herein) and Nellie Holwerda in which certain lots were to be conveyed to them. On the same day they executed another contract with John Newhof & Sons covering other lots in said plat. Neither

of these contracts covered the lot in question, which is still owned by defendants Huizingas. Attached to the aforementioned contracts were a set of restrictions which, among other things, provided that all lots in the subdivision were limited to use for residential purposes only. The restrictions were prepared by defendant Duthler, agent, representing defendants Huizingas.

A 300′ square of lot 20 was zoned for commercial purposes and defendants contend the failure to exclude this lot from the residential limitation was due to mistake. The restrictions upon which plaintiffs rely were never placed on record and contained the following clause:

"1. These covenants shall run with the land and shall be binding on Cornelius and Hilda Huizinga and all persons claiming under them for a period of 25 years from the date this document is recorded."

On March 16, 1956, defendants placed on record similar restrictions, but expressly excepted lot 20 from being restricted to residential use. With the exception of Willard Holwerda and Jay E. Newhof, all other plaintiffs to this action acquired their lots after these restrictions were placed on record.

In pursuance of the land contracts, defendants conveyed to the Holwerdas and John Newhof & Sons by deeds dated May 20, 1957, and June 3, 1957, respectively. The deeds were subsequent to the recording of the restrictions by defendants. The deed to the Holwerdas stated: "Subject to building and other restrictions of record," but the deed to John Newhof & Sons made no mention of restrictions.

The lower court in denying the injunction held that the parties to the land contracts knew lot 20 was not to be restricted to residential purposes but was to be used for commercial purposes and that its

inclusion in the restrictions attached to the land contracts was a mistake.

In regard to those plaintiffs who purchased after defendants had placed the restrictions on record excluding lot 20 from the residential limitation, the lower court stated that they had notice, had no knowledge of the prior land contracts and the unrecorded restrictions attached thereto, and were not entitled to relief.

The evidence shows that a 300′ square of lot 20 was commercially zoned and that this lot was much greater in size than the other lots in the subdivision. Jay Newhof (one of the plaintiffs), who was connected with the John Newhof & Sons Company and had purchased his lot from said company, testified that he was told and was aware of the fact that lot 20 was to be used for commercial use and that a shopping center would ultimately be put on the site. He stated that his company had lost the sale of many lots for homes because they told prospective purchasers that so far as they knew lot 20 was commercially zoned.

John Newhof, of John Newhof & Sons Company, said that before entering the contract to purchase he understood that it was planned to use lot 20 for commercial purposes; that he never had any different understanding, and never advised anyone to whom the company sold homes or lots in the plat that lot 20 would be used for anything other than commercial.

Plaintiff Willard Holwerda testified:

"*Q.* So that you knew from the time you first discussed this matter with Mr. Storm, at the time you took the land contract, at the time you fulfilled the land contract and took your deed, and subsequently, you understood that part of lot 20 of this plat was intended for, intended to be used and developed as a commercial property of some kind? * * *

"*A.* I believe that I could say yes on that.  * * *

"*Q.* Now, let me come back and see if you can answer it directly. It was never your understanding that lot 20 as laid out here was to be devoted to a single family residence, was it?

"*A.* Well, you see, yes, portions of it were, and portions of it were not.

"*Q.* But you did not understand that all of lot 20 was to be devoted to a single family residence, was it?

"*A.* Well, as a matter of fact, it was all in the planning stage at that time, and I knew they had intentions of putting some commercial on there, that is right."

Plaintiffs contend there was never any agreement that lot 20 was not to be limited to residential use; that the restrictions were read by all, and no complaint made that they were not correct.

For relief by reformation in equity the mistake must be mutual and must be admitted or distinctly proved. *Schoenfield v. Veenboer,* 234 Mich 147.

The lower court found that a mutual mistake had been made in including lot 20 in the residential limitation. This finding is adequately supported by the evidence.

We also agree with the lower court that those plaintiffs who acquired their lots after the restrictions permitting lot 20 to be used commercially were recorded, and had no knowledge of the restrictions limiting its use to residential purposes, were put on notice that lot 20 was not included in the restrictive covenants and, therefore, were not entitled to relief.

In view of these findings, we need not discuss the other issues raised in this appeal. Decree of the lower court affirmed. Costs to defendants.

Dethmers, C. J., and Carr, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.