BOGDANSKI *v.* CITY OF WARREN.

1. TRUSTS—SEWER TAP CHARGES—EXEMPTED PROPERTY—EQUITY—JURISDICTION.

Proofs adduced in plaintiffs' suit to reach funds collected by city for sewer tap charges on certain property which was exempted therefrom in contract between plaintiffs and defendant building corporation which had built a sewer pumping station on a lot owned by plaintiffs and then conveyed it to township, defendant city's predecessor, pursuant to contract recognizing but not designating the exempted property *held,* sufficient to impress a trust in plaintiffs' favor upon funds so collected to the amount of the consideration expressed in contract between plaintiffs and defendant building corporation, equity having jurisdiction to grant relief under such circumstances.

2. COSTS—BRIEFS.

No costs are allowed upon affirmance of decree, where appellees did not file a brief.

Appeal from Macomb; Spier (James E.), J. Submitted April 5, 1961. (Docket No. 13, Calendar No. 48,635.) Decided June 29, 1961.

Bill by Richard Bogdanski and Helen Bogdanski against the City of Warren, a municipal corporation, and Alfred Building Corporation, a Michigan corporation, to reach funds collected for sewer tap charges on subdivision properties exempted by contract. Decree for plaintiffs. Defendant building corporation appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Drains and Sewers § 86.
[2] 14 Am Jur, Costs § 92.

*Davidow & Davidow (Anne R. Davidow,* of counsel), for defendant Alfred Building Corporation.

Carr, J.   The material facts in this case are not in dispute.   In March, 1956, plaintiffs and defendant Alfred Building Corporation owned certain rights, titles, and interests in property located in Bernadine subdivision, Warren township, Macomb county. Said defendant was interested in promoting the sale of property in said subdivision and to that end constructed a sanitary sewer pumping station on a lot owned by plaintiffs, and also constructed a discharge pipe connecting with other sewers.   The cost of the system so established was somewhat in excess of $170,000.

Under date of March 20, 1956, plaintiffs and the defendant Alfred Building Corporation entered into a written agreement indicating that they were interested in the said subdivision, that plaintiffs had advanced the sum of $2,000 for engineering charges in connection with the project, and that they were willing to sell their interest in and to the lot on which the disposal station had been constructed for the sum of $5,000.   It was mutually agreed that they should quitclaim their right, title, and interest in and to said lot to the Alfred Building Corporation, together with specified rights of easement for drainage purposes, and for certain other uses, apparently deemed to be conducive to the benefit of prospective owners of lots within the subdivision.   In return for such conveyance defendant Alfred Building Corporation agreed to credit plaintiffs with the sum of $7,000 for sewer and service tapping at the rate of $500 per acre for properties to which the interests of plaintiffs pertained, excluding therefrom a portion of such acreage reserved for sale to a named purchaser.

Shortly after the execution of the agreement above described the Alfred Building Corporation contracted with the township of Warren, to the rights and obligations of which the defendant city of Warren has succeeded, for the conveyance to the township of all right, title, and interest of the grantor in and to the lift station and discharge line therefrom. It is apparent that this undertaking contemplated the transfer by the Alfred Building Corporation of the property rights and interests that it had received pursuant to conveyance executed under its contract with plaintiffs. By way of consideration the township agreed to make payment from collections from parties desiring to use the facilities in question, to an amount not exceeding $170,011.32. Reference was made to the understanding of the parties that at the time of the execution of the agreement the Alfred Building Corporation had exempted from the payment of tapping and service charges certain properties, including the Bernadine subdivision, that might be served by the facilities installed. It was agreed that a list of such exempted lots should be furnished to the township, and that the exemptions so granted should apply at the rate of $399.36 per acre against the total amount that might be collected by the township under the terms of the agreement.

Apparently, however, such listed exemptions were not presented to the township as contemplated by the agreement. In consequence the city of Warren, after succeeding to the rights of the township, collected tapping and service fees from the grantee of plaintiffs' rights and interests in the lots that should have been exempted from such payments pursuant to the contract of March 20, 1956. In consequence a controversy arose between plaintiffs and their grantee, resulting in the institution of suit. A settlement was reached by the parties, the price of the

property being reduced by plaintiffs by the sum of $400 per acre, as found by the trial judge. Said grantee paid to the city of Warren a total of $14,478 by way of tapping fees for the Beachlawn subdivision.

Plaintiffs made written demand on the city of Warren for the payment to them of $7,000 out of the fund arising from the collection of tapping and service charges paid by lot owners. Such request was refused. Thereupon plaintiffs brought suit in equity claiming an interest in the said fund to the amount indicated and praying that a decree enter requiring the city to make payment to plaintiffs in accordance with their prior demand. The bill of complaint also sought general relief that the court might find to be equitable, and that the contract between plaintiffs and the defendant Alfred Building Corporation be reformed in such manner as to specifically state the extent of the interest of the plaintiffs in and to a portion of the sanitary sewer lift fund.

The city filed answer to the bill of complaint admitting its possession of the sum of $7,000 which it was holding for the other defendant, the Alfred Building Corporation, admitting that it had refused to pay said sum to plaintiffs, and further averring that it had no interest in the controversy. The city requested that it be permitted to deposit $7,000 with the clerk of the court, affirmatively asked that it be dismissed as a party defendant, and that plaintiffs and the Alfred Building Corporation be restrained from proceeding against the city in any attempt to collect all or any part of the sum mentioned.

Defendant Alfred Building Corporation filed motion to dismiss primarily on the ground that the bill of complaint did not aver a cause of action in equity. An answer was also filed denying plaintiffs' right to the relief sought. It does not appear

that the motion to dismiss was brought on for hearing, and the cause was tried on the merits and submitted accordingly for determination. The trial judge came to the conclusion that plaintiffs had established their right to be paid the sum of $7,000 from the fund collected by the city for tapping and service fees, the agreement between the parties of March 20, 1956, being construed as evidencing an intent that the property of the plaintiffs should be exempted from the payment of such fees, that the giving of such credit would constitute payment of the consideration for the property rights and interests conveyed by plaintiffs to the Alfred Building Corporation, that the latter corporation had not in its subsequent dealings with the township procured the recognition of such right of exemption, and that, the fees having been paid, plaintiffs were equitably entitled to reimbursement from the funds collected. The following provisions of the decree indicate the conclusion of the trial judge with reference to the relief to which he found plaintiffs entitled:

"It is ordered, adjudged, and decreed that it was the intention of the parties at the time of executing the agreement of March 20, 1956, that the plaintiffs, Richard Bogdanski and Helen Bogdanski, as well as their assigns would have the right to the extent of $7,000 in sewer tapping fees to tap into the pumping station or sewer system and that the $7,000 now held by the city of Warren equitably belongs to the plaintiffs, Richard Bogdanski and Helen Bogdanski;

"It is further ordered, adjudged, and decreed that the defendant, city of Warren, pay over to the plaintiffs, Richard Bogdanski and Helen Bogdanski, the said $7,000 so held by them and that upon such payment the said Alfred Building Corporation shall thereafter be discharged from any further obligation under the said contract of March 20, 1956."

Motion for rehearing was made on behalf of the Alfred Building Corporation and was denied. The controversy now comes before this Court on appeal.

On behalf of appellant it is contended that the bill of complaint was filed for the purpose of obtaining a reformation of a contract, the agreement of March 20, 1956, and that the facts stated were insufficient to justify the granting of such relief. As before noted, however, plaintiffs' prayer for relief was not limited to reformation. The facts alleged in the pleading dealt primarily with plaintiffs' claim that they were entitled to an interest in the fund in the possession of the defendant city to the extent of $7,000 because of the failure to exempt from the tapping and service charges the lots that the contract between plaintiffs and Alfred Building Corporation stated should be so exempt to the extent of the consideration agreed to be paid for the conveyance by plaintiffs to said defendant. Obviously the circuit judge so construed the bill of complaint, it appearing from a colloquy between the judge and counsel at the outset of the hearing that the suit was actually one to impress a trust on funds in which plaintiffs claimed an interest. The case was apparently tried on such theory and the decree was entered in accordance therewith, the court finding that the claims of the plaintiffs were sustained by the proofs. There is no provision in the decree granting reformation of the contract. The cases on which counsel for appellant rely, including *Modern Displays, Inc.,* v. *Hennecke,* 350 Mich 67, and *Dykstra* v. *Huizinga,* 362 Mich 420, are not in point.

In the instant case the defendant city of Warren does not dispute the right of plaintiffs to seek payment from the fund held by the city. The proofs fully support the conclusions of the trial judge as to the intent of the plaintiffs and of appellant in the execution of the agreement of March 20, 1956.

Either purposely or through an oversight the Alfred Building Corporation did not in its dealings with the township of Warren and its successor protect the right of the plaintiffs to have their lots exempted from the payment of the service and tapping charges. Obviously the agreement between said township and the appellant recognized the understanding of the parties that an agreement, or agreements, of such nature had been made. Such understanding accounts for the inclusion of the provision that the Alfred Building Corporation should furnish to the township a list of the exemptions for which it had contracted. This was not done. The trial judge was right in holding that under such circumstances equity may grant relief. Such conclusion finds support in prior decisions of this Court, among which may be cited: *Weir* v. *Union Trust Co.,* 188 Mich 452; *Stephenson* v. *Golden,* 279 Mich 493; *Kent* v. *Klein,* 352 Mich 652.

The decree is affirmed but without costs, no brief having been filed on behalf of appellees.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.