[No. 11534.    Department Two.    March 26, 1914.]

JOSEPH SLISCOVICH, *Appellant*, v. SCANDINAVIAN-AMERICAN
BANK *et al.*, *Respondents.*[1]

APPEAL—DECISIONS APPEALABLE—FINALITY.  An appeal does not
lie from an order requiring plaintiff to bring in another party de-
fendant, even if such party is a nonresident and cannot be served,
where no dismissal or disposition of the case had been made; since
it is not a final order, or one which in effect determines the action
or prevents final judgment, within Rem. & Bal. Code, § 1716.

Appeal from an order of the superior court for King coun-
ty, Dykeman, J., entered June 14, 1913, requiring the plain-
tiff to bring in an additional party defendant.  Appeal dis-
missed.

*Willett & Oleson*, for appellant.

*Ballinger, Battle, Hulbert & Shorts*, for respondents.

PARKER, J.—The plaintiff commenced this action in the
superior court for King county, seeking to recover the value
of certain shares of stock of a corporation, the certificates
of which he claims were converted by the defendants to their
own use while owned by him and in their possession.  The de-
fendants answered, denying the conversion, but admitting
the possession of the certificates, and alleging, as an affirma-
tive defense, in substance, that the certificates were placed in
their hands for the benefit of the plaintiff and Jacob Schick,
in pursuance of a contract entered into between him and
Schick; that Schick claims interest in the stock under the
terms of that contract; that Schick is a necessary party
to the action; that a proper determination of the contro-
versy cannot be had without bringing Schick into the action
and that defendants have no interest in the stock save as
escrow holders thereof for the benefit of the plaintiff and
Schick, under their contract.  Upon motion of the defend-

[1]Reported in 139 Pac. 606.

ants the court ordered "that the motion of defendants to require plaintiff to bring in one Jacob Schick as a party defendant to this action be and the same is hereby granted." No further order or disposition of the cause has been made by the superior court. From this order, the plaintiff appealed to this court.

Respondents move to dismiss the appeal, upon the ground that the order is not such as "(1) in effect determines the action  .  .  .  and prevents a final judgment therein; or (2) discontinues the action;" these being the only descriptions of appealable orders which could possibly be applicable to this order, found in our appeal statute, Rem. & Bal. Code, § 1716 (P. C. 81 § 1183). That the order does not have such an effect upon its face seems to be clearly settled by our recent decision in *State ex rel. Murphy v. Superior Court*, 73 Wash. 507, 131 Pac. 1136, where we held that an order that a disbarment proceeding be dismissed at the expiration of thirty days thereafter unless a civil action be instituted within that time by the person alleged to have been wronged by the attorney's conduct, was not an appealable order, upon the ground that it was not final within the meaning of these provisions of our appeal statute.

Counsel for appellant insist, however, that the order was, in effect, final because of the impossibility of bringing Schick into the case, he being a nonresident, which fact it is claimed the record disclosed at the time of or soon after the making of the order. We are unable to see, however, that such condition changes the fact that the order does not finally dispose of the cause, does not prevent a final judgment therein, and that it is still pending in the superior court. It may be true that the court would have entered an order of dismissal or in some manner finally disposed of the cause upon appellant insisting upon a final disposition thereof; but that was not done, so the case was left in the same situation as the *Murphy* case when the question of the finality of the order was there under consideration. Our conclusion finds

support in *Bolton v. Donavan*, 9 N. D. 575, 84 N. W. 357, where a situation quite similar to this was considered. Another ground upon which the motion to dismiss is rested is that, since the appeal was taken, and before the record of the cause was brought to this court, Schick voluntarily intervened in the cause by leave of the court. It might well be argued that this, in any event, ends the particular controversy involved in this appeal. However, we need not express our views upon this question.

The appeal is dismissed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.