### SUMPTER LUMBER CO. v. SOUND TIMBER CO.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1919.)

#### No. 3283.

1. APPEAL AND ERROR ⚏330(2)—CIRCUIT COURTS OF APPEALS—SUBSTITUTION OF PARTIES.

A Circuit Court of Appeals has jurisdiction to entertain an original application for substitution of parties in a suit which has been brought into that court by appeal, regardless of the action of the District Court in denying a similar application.

2. APPEAL AND ERROR ⚏95—APPEALABLE ORDERS.

An order of a District Court denying an application by a stranger to be substituted as complainant in a suit is not appealable.

3. APPEAL AND ERROR ⚏330(2)—SUBSTITUTION OF PARTIES IN APPELLATE COURT.

Where the interests of a party to an appeal devolve upon another, either by operation of law or act of the parties, the person acquiring such interests will usually be allowed to be substituted, and to prosecute or defend the appeal in place of the original party.

4. APPEAL AND ERROR ⚏373(1), 397—DISMISSAL OF APPEAL—GROUNDS.

An appeal will not be dismissed, on the ground that no citation was served and no bond filed in the court below, when the appeal was taken in open court and bond has been filed in the appellate court.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by the Sumpter Lumber Company against the Sound Timber Company. Decree for defendant, and complainant appeals. On motion for substitution of parties, and motion to dismiss appeal. Motion for substitution granted, and motion to dismiss denied.

⚏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. F. Hays, of Seattle, Wash., for appellant.

Peters & Powell and John H. Powell, all of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. W. F. Hays, who was the attorney for the appellant in the court below, moves this court for an order that he be substituted as the party appellant in the above-entitled suit. The cause was tried on its merits in the court below, and on April 19, 1918, decision was announced, and the appellant in open court gave notice of its appeal. The form of decree was taken under advisement, and the decree was entered on April 29th, and the appellant was required to file a supersedeas bond on the appeal in the sum of $10,000. On November 19, 1918, an order was made that the appellant's appeal be allowed, and that, instead of giving a supersedeas bond, it might give its bond for costs in the sum of $500, and thereafter, upon extensions of time, the transcript was filed in this court on January 14, 1919. In the meantime, and before the filing of a bond on appeal, Hays moved the court below for an order that he be substituted as the party plaintiff and appellant in said cause, which motion was denied on January 6, 1919.

The appellant makes no objection to the motion now made in this court, but the appellee opposes the same on the ground that a similar motion made in the court below was denied, and that Hays' only remedy is by appeal from that order. The ground of the motion for substitution, as shown by affidavits, is that Hays is the real party in interest in the said suit; that he obtained a judgment on June 13, 1908, and in pursuance of such judgment, he purchased on execution the defendant's interests in certain real estate, and received from the sheriff certificates of sale; that on November 19, 1908, he conveyed all rights under said certificates to Henry Hewitt, under a contract with Hewitt whereby, upon the quieting of the title to said lands, Hewitt was to pay to him $42,500 and reconvey to him an undivided one-half interest in the lands; that Hewitt was the president of the appellant herein, and that he conveyed said lands to the appellant, the stock of which he was the sole owner, and that the present suit to quiet title to said lands was accordingly commenced in the name of the appellant; that Henry Hewitt died on May 2, 1918, and his successors in interest thereafter, and after the appeal had been taken in open court, refused to prosecute the appeal, and that Hays was not aware of their purpose to abandon the appeal until about the time of his application to the court below for an order of substitution; and that the said corporation now has no intention to prosecute the appeal, and has abandoned and disclaimed any interest in the subject-matter of the litigation.

The appellee points to the fact that Hays was aware, soon after the entry of the decree in the court below, that the appellant would take no further steps toward the prosecution of the appeal. To this it is to be said that the appellant has not at any time instructed its

counsel to abandon the appeal or to dismiss the same. Hays, as its counsel, undoubtedly had the right to take the appeal. It is not disputed that he had an understanding with the president of the appellant that an appeal should be taken in case of an adverse decision. The appeal has now been perfected, and a bond for costs has been filed in this court, and the appellant is still properly a party to the appeal.

[1] The principal question here is whether Hays' right of substitution is foreclosed by the order denying him substitution in the court below. We are not advised of the ground on which the order was denied. It may have been denied on the ground that the jurisdiction of this court had attached upon the allowance of the appeal, notwithstanding that a bond had not been given. Evans v. State Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917; Southern Pine Co. v. Ward, 208 U. S. 126, 28 Sup. Ct. 239, 52 L. Ed. 420. But, however that may be, this court has jurisdiction to entertain original applications for substitution (Howard v. United States, 102 Fed. 79, 42 C. C. A. 169; Chicago G. W. Ry. v. First Methodist Episcopal Church, 102 Fed. 85, 42 C. C. A. 178, 50 L. R. A. 488; Southern Pine Co. v. Ward, supra), and the action of the court below cannot affect that jurisdiction.

[2, 3] We find no merit in the contention that the right now to move for substitution was lost by the failure to appeal from the order of the court below denying substitution. Hays had no capacity to appeal from that order, and such an order is not appealable. 3 C. J. 477; Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49; Ex parte Cockcroft, 104 U. S. 578, 26 L. Ed. 856; Guion v. Insurance Co., 109 U. S. 173, 3 Sup. Ct. 108, 27 L. Ed. 895; Sliscovich v. Scandinavian-American Bank, 78 Wash. 660, 139 Pac. 606. The proposed substitution makes no change in the cause of suit. It can cause no prejudice to the rights of the appellee, and we see no reason why it should not be allowed.

"Where the interests of a party to an appeal or writ of error devolve upon another, either by operation of law or by act of the parties, a person acquiring such interests will usually be allowed to be substituted, and to prosecute or defend the appeal or writ in place of the original party, if the proper steps are taken in accordance with the practice in the particular jurisdiction." 3 C. J. 1031; Bowden v. Johnson, 107 U. S. 251, 2 Sup. Ct. 246, 27 L. Ed. 386.

[4] The motion for substitution will be allowed, and the appellee's motion to dismiss the appeal, on the ground that no citation was served and no bond filed in the court below, will be denied, since the appeal was taken in open court, and a bond has been filed in this court.