[No. 16485.  Department Two.  July 8, 1921.]

GERMAN-AMERICAN MERCANTILE BANK *et al.,*
*Respondents,* v. H. E. FOSTER,
*Appellant.*[1]

CORPORATIONS (46)—STOCK SUBSCRIPTIONS—ACTIONS ON—AMEND-
MENTS. A subscriber to the capital stock of a banking corporation
would not be released by the amendment of its articles of incorpora-
tion so as to change its name and increase its capital stock for the
purpose of absorbing the assets and assuming the liabilities of an-
other bank, since such amendment did not end the corporate exist-
ence of the original bank.

SAME (46). An error in judgment on the part of the bank ex-
aminer in permitting one bank to absorb another, resulting in loss
to the former, would not constitute a defense against the liability of
a nonassenting stockholder in an action to recover on his subscrip-
tion to the capital stock of the original bank.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered June 19, 1920, upon
findings in favor of the plaintiff, in an action to recover
on stock liability, tried to the court. Affirmed.

*Carl J. Smith,* for appellant.

*D. E. Twitchell,* for respondents.

TOLMAN, J.—This action was instituted to recover
from appellant $500 and interest as superadded liability
accruing by reason of his ownership of five shares of
the capital stock of the respondent bank, of the par
value of $100 each. From a judgment as prayed for,
this appeal is taken.

Appellant subscribed for, and became the owner of,
the stock in question at the time of the incorporation of
the bank in April, 1911. The bank was incorporated as

[1]Reported in 199 Pac. 314.

the German-American Bank, the amount of its capital stock not being shown in the record. In 1915, the bank filed amended articles of incorporation, changing its name to that of German-American Mercantile Bank, and increasing its capital stock to $200,000. Appellant opposed the making of these changes, but thereafter accepted the new stock certificate in lieu of the one first issued to him, which, on its face, shows the change of name, etc. In large part appellant's defenses in the trial court, and assignments of error here are based upon the assumption that the German-American Bank ceased to exist in 1915, and that the German-American Mercantile Bank was a separate and distinct corporate entity; and that the bank examiner, by permitting the latter to succeed the former and absorb the assets and assume the liabilities of the Mercantile National Bank, had caused the appellant to lose the value of his stock in the German-American Bank. Appellant's affirmative answer and his cross-complaint based upon this theory, were, on motion, stricken by the trial court. We see no error in such ruling. There was but one corporation. The amending of its articles did not end its existence, or change appellant's status as a stockholder; and if the amendment was effected as the statute requires (and it is not alleged otherwise) appellant was bound thereby whether he assented or not.

Nor would an honest error in judgment on the part of the bank examiner, if there was such, and the permitting of the absorbing of another banking institution, though loss followed, be a defense to this action.

All of the other points raised by appellant are decided against him in *Hanson v. Soderberg,* 105 Wash. 255, 177 Pac. 827. Still adhering, as we do, to the views therein expressed, a rediscussion of the subject seems unnecessary.

Finding no error the judgment appealed from is affirmed.

PARKER, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.