**GILE v. DUKE, Supervisor of Banking of Washington, et al.**

**JENKS v. SAME.**

(Circuit Court of Appeals, Ninth Circuit. June 1, 1925. Rehearing Denied August 3, 1925.)

Nos. 4544, 4545.

1. **Banks and banking** ⟜49(2)—**Banking officer of state may sue anywhere to enforce assessment on stockholders of insolvent bank.**

The banking officer of a state is the statutory successor of an insolvent state bank, and may sue in any state to enforce assessment on stockholders.

2. **Banks and banking** ⟜47(1)—**Determination of banking officer of state of necessity of assessment conclusive.**

Determination of the banking officer of a state that an assessment on stockholders of a state bank is necessary is conclusive on the courts, and cannot be controverted by stockholders sued on the assessment.

3. **Trial** ⟜69—**After motion for nonsuit, plaintiffs may be allowed to supply defects in proof.**

Plaintiffs may be permitted to supply defects and omissions in proof after interposition of motion for nonsuit.

4. **Appeal and error** ⟜330(2)—**Successors in office pending appeal may be substituted as parties.**

Where plaintiffs sued as banking officers of the state to enforce assessment on stockholder, and pending his appeal their offices were abolished, and the powers and duties thereof vested in other officers, they may be substituted.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Two actions by John P. Duke, as Supervisor of Banking of the State of Washington, and another, one against H. S. Gile, and the other against Walter T. Jenks. Judgments for plaintiffs, and defendants bring error. Affirmed.

See, also, 291 F. 282.

William H. Trindle, of Salem, Or., for plaintiffs in error.

Kelly & MacMahon, of Tacoma, Wash., and Bowerman & Kavanaugh, of Portland, Or., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The Scandinavian-American Bank of Tacoma was a banking corporation organized under the laws of the state of Washington. The original capital of the bank was $200,000, but this was increased on June 27, 1919, to the sum of $400,000, and again on April 15, 1920, to the sum of $1,000,000. The plaintiffs in error Gile and Jenks subscribed for the increased capital to the amount of $5,000, each paying therefor the sum of $125 per share. The subscriptions were in writing and the purchase price was paid in full before the delivery of the stock in April, 1920. The par value of the shares was $100 each. On January 15, 1921, the commissioner of banking of the state closed the bank and proceeded to liquidate its affairs. In the latter part of February, 1921, he levied an assessment of 100 per cent. on each share of the capital stock of the bank, in conformity with the statute, and gave notice of the assessment to all stockholders, including the plaintiffs in error. Payment was refused, and thereafter two actions were commenced in the court below to recover the sum of $5,000 from each of the plaintiffs in error as the superadded or double liability imposed on stockholders of banking corporations under the Constitution and laws of the state. The two actions were consolidated for trial in the court below, and have been submitted together to this court. The court below awarded judgment against each plaintiff in error, and these judgments are now before us for review.

[1, 2] The principal contentions of the plaintiffs in error are: First, that the banking officer of the state is like a mere chancery receiver, and cannot maintain an action in a foreign jurisdiction; and, second, that there was no competent proof of the bank's insolvency. These two questions have been determined adversely to the plaintiffs in error by repeated decisions of the Supreme Court of the state and the Supreme Court

of the United States. Hanson v. Soderberg, 105 Wash. 255, 177 P. 827; Ætna Casualty & Surety Co. v. Moore, 107 Wash. 99, 181 P. 40; German-American Mer. Bank v. Foster, 116 Wash. 313, 199 P. 314; German-American Mer. Bank v. Ripley, 124 Wash. 322, 214 P. 160; Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337; Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163; Converse v. Hamilton, 224 U. S. 243, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. Under these authorities the banking officer of the state is the statutory successor of the bank for the purpose of winding up its affairs, and may sue in any jurisdiction, and the determination of the banking officer that an assessment is necessary is conclusive upon the courts and cannot be controverted by stockholders.

[3] It is further contended that the stock was issued to the plaintiffs in error before the increase was authorized, and that the subscriptions to the stock were therefore void. But, waiving the question whether such a defense is open to them after having received dividends on the stock, it clearly appears from the testimony that the stock was in fact delivered after the increase was authorized, although bearing an earlier date. The further contention that the court erred in permitting the defendants in error to supply certain defects and omissions in the proof after a motion for a nonsuit was interposed is, of course, without merit.

[4] The plaintiffs below, at the time of the entry of the judgments in question, were the supervisor of banking of the state of Washington and the director of taxation and examination of the state of Washington. Since the writs of error were sued out these offices have been abolished by legislative enactment, and the powers and duties of the director of taxation and examination and supervisor of banking are now vested in C. W. H. Davis as director of efficiency of the state of Washington and H. C. Johnson as supervisor of banking of the state of Washington. The latter have moved to be substituted as defendants in error in the place and stead of the original defendants in error. This motion is granted, and the judgments are affirmed. Sumpter Lumber Co. v. Sound Timber Co., 257 F. 408, 168 C. C. A. 448.