McCOMB, Adm'r, Wage & Hour Division, U. S. Department of Labor v. ROW RIVER LUMBER CO.

No. 12154.

United States Court of Appeals Ninth Circuit.

Aug. 30, 1949.

William S. Tyson, Solicitor, Bessie Margolin, Asst. Solicitor, William A. Lowe, Joseph M. Stone, E. Gerald Lamboley, Attorneys, U. S. Dept. of Labor, Washington, D. C., Kenneth C. Robertson, Regional Attorney, James F. Scott, Attorney, U. S. Dept. of Labor, San Francisco, Cal., for appellant.

David L. Davies, James P. Rogers, Portland, Or. (Hart, Spencer, McCulloch, Rockwood & Davies, Portland, Or., of counsel), for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is a motion to dismiss an appeal because of the dissolution of appellee corporation. Appellant moves to substitute the Booth-Kelly Lumber Company, which succeeded to appellee's assets, as appellee here.

Appellant sought an injunction below under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217, to restrain appellee from violating section 15 of the Act, 29 U.S.C.A. § 215. The district court denied the injunction and dismissed the complaint. Appellant filed a timely notice of appeal, and subsequently the Booth-Kelly Lumber Company, which had owned 49.8% of appellee's stock, purchased the remainder of the outstanding stock and dissolved the appellee corporation and acquired all its assets. Booth-Kelly continued the operation of the lumber camp involved herein, but has voluntarily ceased the activities objected to by appellant.

### A. The motion to dismiss the appeal.

We deny the motion to dismiss. Appellee contends that, although it is still in being for purposes of carrying on litigation arising out of past activities (Oregon Compiled Laws § 77-259), it cannot continue in its corporate business, hence it cannot possibly continue the alleged violations of the act complained of by appellant.

■ Since appellee is still in existence for the purpose of defending actions, we are not met with the difficulty that confronted the Supreme Court in Walling v. Reuter Co., 321 U.S. 671, 675, 64 S.Ct. 826, 88 L.Ed. 1001. In that case the administrator had obtained an injunction in the district court under the same act as involved here. The court of appeals reversed, and the administrator was successful in obtaining a writ of certiorari in the Supreme Court. Then the respondent corporation dissolved and, under the applicable state law, was not in existence for any purpose. Hence the court could not render a judgment on the merits. But the court vacated the court of appeals reversal and left the administrator with his district court judgment. Here, as the Oregon law allows a dissolved corporation to sue or be sued for five years after dissolution, we can render an effective judgment on the merits.

The situation in the instant case seems to us to present an even stronger case for retaining the appeal and adjudicating the merits, because if we dismiss the appeal appellant cannot fall back on his lower court judgment and possibly enforce it against the successor corporation. Cf. Walling v. James V. Reuter Co., supra, 321 U.S. at page 674, 64 S.Ct. at page 827. Rule 65(d), Federal Rules Civil Procedure, 28 U.S.C.A.

The motion to dismiss the appeal is denied.

### B. The motion to substitute Booth-Kelly Lumber Company.

■ We are of the opinion that this motion should be denied. Appellant contends that substitution is required by Rule 25(c), Federal Rules Civil Procedure:

"Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."

The Rules of Civil Procedure "govern the procedure in the district courts of the United States", Rule 1. These rules are adopted by this court wherever applicable with respect to appeals in civil actions. But it will be noted that under Rule 25(c) it is not mandatory that a substitution be made in every case of a transfer of interest.

■ Undoubtedly this court has the power to order a substitution, Sumpter Lumber Co. v. Sound Timber Co., 9 Cir., 257 F. 408, 410, but this is a matter of discretion in this court. Stepp v. McAdams, 9 Cir., 88 F.2d 925, 927. Where we have allowed a substitution, it has been in cases where the plaintiff below has transferred his interest in the subject matter of the action, which was to protect an interest in a res. Sumpter Lumber Co. v. Sound Timber Co., supra, (quieting title to land); Wire Tie Machinery Co. v. Pacific Box Corp., 9 Cir., 102 F.2d 543, 545 (patent infringement suit).

On the other hand, where substitution is sought in this court for a defendant below, even where the person sought to be substituted has agreed to pay the claim of the plaintiff, we have declined to allow a substitution. Stepp v. McAdams, supra, Cf. Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634.

■ We thing it unfair to make Booth-Kelly Lumber Company a party appellee in an in personam suit for an injunction where that corporation has not had its day in the trial court with opportunity to present evidence.

The motion to substitute Booth-Kelly Lumber Company is denied.