440 F.2d 1184
 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 648, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, LOCAL 82 (NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION DAYTON, OHIO CHAPTER), Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 20623.
 No. 20624.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1971.
 
 Gary A. Snyder, Dayton, Ohio, for petitioner; Knee & Snyder, by Gary A. Snyder, Dayton, Ohio, on brief.
 Ray E. Schmidt, Dayton, Ohio, on brief, for petitioner.
 Arthur L. Fox, II, N. L. R. B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul J. Spielberg, Arthur L. Fox, II, Attys., N. L. R. B., Washington, D. C., on brief.
 Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.
 EDWARDS, Circuit Judge.
 
 
 1
 These are two closely related cases which this court ordered joined for appellate argument and decision. In each, petitioners (Local 648 and Local 82 of the International Brotherhood of Electrical Workers) seek review of National Labor Relations Board orders finding that they were operating exclusive hiring halls and that each local had discriminatorily refused to refer one Brack Collier for employment.
 
 
 2
 The charges pertaining to discrimination were bitterly disputed at hearing and the Board's findings are now. Whatever view of the matter we might have taken had we heard the evidence ab initio, it is clear to us that there is substantial evidence on the whole record to support the Board's findings and the affirmative relief based thereon. See NLRB v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Ind. of United States and Canada, Local 633, 424 F.2d 390 (6th Cir. 1970).
 
 
 3
 The principal issue argued by appellants in both cases, however, pertains to the fact that counsel for the Board failed to introduce the collective bargaining agreements which established the exclusive hiring hall relationship, even though the Trial Examiner before the cases were submitted questioned him about his failure to do so. Subsequently, the Board concluded that introduction of the bargaining agreements was essential to the Board's cases and filed motions to reopen the proofs to allow the agreements to be admitted in evidence.
 
 
 4
 The Trial Examiner ultimately granted the motions to reopen on the reasoning which follows:
 
 
 5
 "On June 12, 1969, the undersigned issued an order requiring Respondent to show cause why General Counsel's motion, theretofore made, to reopen the record herein for the receipt of certain additional evidence proffered by General Counsel, should not be granted. The Respondent filed an opposition to said motion.
 
 
 6
 "While agreeing with Respondent's contention that Counsel for General Counsel was neglectful in failing to adduce the evidence in question (a collective bargaining agreement) during the hearing, I am nevertheless of the view that under all the circumstances the granting of General Counsel's motion is in promotion of the policies of the Act and in the public interest. Parties should be mindful that this is not a private lawsuit, but a public proceeding to vindicate public rights. The public interest must thus be balanced against any inconvenience and possible expense that Respondent may suffer from a reopened hearing. Respondent is a purported signatory to the proffered collective agreement, the agreement was expressly referred to in the complaint, and it is clearly material to the issues raised. To deny admission into evidence of this document on the ground of inadvertence of counsel would exalt technicality over substance. So technical and narrow a view would be inconsistent with the public interest here."
 
 
 7
 In each case the Trial Examiner also set a date for hearing to allow petitioners to respond.
 
 
 8
 Generally speaking, a motion to reopen for presentation of additional evidence is addressed to the discretion of the Judge or the hearing officer. This principle was stated in two important cases where permission to reopen was denied after entry of decision. NLRB v. Yale Mfg. Co., 356 F.2d 69 (1st Cir. 1966); Metal Blast, Inc. v. NLRB, 324 F.2d 602 (6th Cir. 1963). See also Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961). See generally Pittsburg Plate Glass Co. v. NLRB, 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251 (1941).
 
 
 9
 Here, however, the motions to reopen were made before the Trial Examiner's decision and within 11 days of the close of the hearing. Under these circumstances the exercise of discretion on the part of the hearing officer to grant reopening has generally been upheld. See Gile v. Duke, 5 F.2d 952 (9th Cir. 1925); Alaska United Gold Min. Co. v. Keating, 116 F. 561 (9th Cir. 1902). See also 6A J. Moore, Federal Practice ¶ 59.04 [13] at 3724 (2d ed. 1966).
 
 
 10
 Further, we deal with public rights in these cases and are conscious that the Supreme Court has reminded us that we should not deprive employees of their lawful rights because of neglect on the part of the NLRB. See NLRB v. J. H. Rutter-Rex Mfg. Co., 396 U.S. 258, 264-266, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969).
 
 
 11
 We find no abuse of discretion in the orders of the Trial Examiner.
 
 
 12
 Enforcement of the orders of the Board is granted.