NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ABSOLUTE BUSINESS SOLUTIONS, LLC, <br><br> Defendant-Appellant, <br><br> and <br><br> ESTRELLA HOMEOWNERS' ASSOCIATION, <br><br> Defendant. | No.  19-16836 <br><br> D.C. No. 2:15-cv-01862-JAD-BNW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 21, 2021[**]
San Francisco, California

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Absolute Business Solutions, LLC ("Absolute") appeals from the grant of summary judgment to Carrington Mortgage Services, LLC ("Carrington") in this quiet title action. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

Nevada law "allows homeowners associations [HOAs] to pursue liens on members' homes for unpaid assessments and charges." *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020). "HOA liens are split into superpriority and subpriority components; the superpriority component is prior to all other liens, including first deeds of trust." *Id.* Only two components of an HOA lien enjoy superpriority status: "[1] charges for maintenance and nuisance abatement, and [2] nine months of unpaid assessments." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018) (hereinafter *Diamond Spur*); *see* Nev. Rev. Stat. § 116.3116(2) (2012).

"[A]n HOA can extinguish the first deed of trust by foreclosing on its superpriority lien." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622 (9th Cir. 2019) (per curiam). To avoid such extinguishment, the holder of the first trust deed must pay the full superpriority amount to the HOA— that is, nine months of fees, along with any unpaid nuisance-abatement or maintenance charges. *See Diamond Spur*, 427 P.3d at 117–18. "If the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine

2

months of HOA dues is sufficient." *Arlington Twilight*, 920 F.3d at 623; *Diamond Spur*, 427 P.3d at 118.

The district court did not err in holding that Carrington's tender preserved its deed of trust. Absolute first argues that Carrington "fail[ed] to proffer any evidence that the check was received" by the HOA. Absolute, however, explicitly waived this argument in front of the district court and does not get to reprise it here. *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 980 (9th Cir. 2009). Regardless, Carrington presented evidence that it tendered the check, such as screenshots of its internal tracking software indicating that the check was sent and photos of the returned and voided check. Absolute, however, did not point to any evidence to rebut Carrington's assertions. Thus, there are no genuine issues of material fact as to whether the tender was delivered to the HOA. *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017).

Neither did the district court err in holding that Carrington's tender was proper. Absolute's argument that the HOA had a good faith reason for rejecting the tender is unavailing because "[a] plain reading" of the relevant statute confirms that the amount of the tender was correct. *Diamond Spur*, 427 P.3d at 118; *see also Arlington Twilight*, 920 F.3d at 623.

Absolute's claim that the tender was invalid because it contained a misstatement of law fares no better. Specifically, Absolute argues that the letter accompanying the check stated that certain sums under paragraph (j) of Nev. Rev.

3

Stat. § 116.3102 did not have superpriority status. However, because paragraph (j) references maintenance and nuisance-abatement charges—which do enjoy superpriority status, *Diamond Spur*, 427 P.3d at 117—Absolute claims that the letter contained a misstatement of law and that the tender was invalid because it required the HOA to accept that misstatement.

This argument is unpersuasive because the letter only stated that the "fees and charges imposed for collection and/or attorney fees, collection costs, late fees, service charges and interest"—and not the maintenance and nuisance-abatement charges—were junior to Carrington's deed. Additionally, as Absolute concedes, there were no such charges due in this case. Finally, even if the letter did misstate the law, it did not require the HOA to accept that misstatement as part of the tender. Instead, the letter insisted that the acceptance of the tender would be construed as an acknowledgment that the superpriority amount was paid off. Carrington "had a legal right to insist on this" condition and the tender was not invalidated by its presence. *Diamond Spur*, 427 P.3d at 117–18.

Finally, the district court was not required to balance the equities, as Absolute argues, because "[a] party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void," as the tender did in this case. *Diamond Spur*, 427 P.3d at 121; *see also Saticoy Bay LLC Series 133 McLaren*

4

*v. Green Tree Servicing LLC*, 478 P.3d 376, 379 (Nev. 2020).[1]

**AFFIRMED.**

---

[1] The parties' motion to substitute party is denied. Stipulated Motion to Substitute Party, ECF No. 9 (Jan. 14, 2020). The court construes this motion as a motion to substitute a party "for any reason other than death" under Fed. R. App. P. 43(b). The motion is denied because it does not appear that the parties served the nonparty. Fed. R. App. P. 25; 43. Additionally, since the nonparty "has not had its day in . . . court," it would be "unfair" to grant this motion. *McComb v. Row River Lumber Co.*, 177 F.2d 129, 130 (9th Cir. 1949).